STATE OF HAWAII, Plaintiff-Appellee, *v.* FLOID TOWNSEND, Defendant-Appellant

NO. 13942

(FC-CRIMINAL NO. 88-0209(3) )

DECEMBER 28, 1989

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

In a bench trial, the family court of the second circuit convicted defendant-appellant Floid Townsend (Defendant) of the offense of Abuse of a Household Member in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (1985). Defendant contends that the family court prejudicially erred in precluding a witness from testifying on his behalf because of Defendant's discovery violation. Concluding that the family court's discovery sanction had no legal basis, we vacate the judgment of conviction and remand the case for a new trial.

## I.

On September 20, 1988, the State of Hawaii (State) filed a complaint, charging that Defendant physically abused a household member, Joanna Jeronimo (Jeronimo), on June 3, 1988. On September 30, 1988, Defendant filed a "Written Request for Disclosure," pursuant to Hawaii Rules of Penal Procedure (HRPP) Rule 16(b).[1] The State reciprocated by filing a "Written Request for Disclosure," on January 23, 1989, pursuant to HRPP Rules 12.1[2]

---

[1] The Hawaii Rules of Penal Procedure (HRPP) "apply to all penal proceedings in all courts of the State of Hawaii," except as provided in HRPP Rule 54(b). HRPP Rule 54(a). This family court proceeding does not fall within any of the exceptions listed in Rule 54(b).

HRPP Rule 16(b) provides in pertinent part as follows:

(b) Disclosure by the Prosecution.

(1) *Disclosure Upon Written Request of Matters Within Prosecution's Possession.* Upon written request of defense counsel the prosecutor shall disclose to him the following material and information within the prosecutor's possession or control:

(i) the names and last known addresses of persons whom the prosecutor intends to call as witnesses, in the presentation of the evidence in chief, together with their relevant written or recorded statements, provided that statements recorded by the prosecutor shall not be subject to disclosure;

(ii) any written or recorded statements and the substance of any oral statements made by the defendant, or made by a co-defendant if intended to be used in a joint trial, together with the names and last known addresses of persons who witnessed the making of such statements;

(iii) any reports or statements of experts, which were made in connection with the particular case or which the prosecutor intends to introduce, or which are material to the preparation of the defense and are specifically designated in writing by defense counsel, including results of physical or mental examinations and of scientific tests, experiments, or comparisons;

(iv) any books, papers, documents, photographs, or tangible objects which the prosecutor intends to introduce, or which were obtained from or which belong to the defendant, or which are material to the preparation of the defense and are specifically designated in writing by defense counsel;

(v) any prior criminal record of the defendant.

[2] HRPP Rule 12.1 requires a defendant to notify the prosecutor if he intends to rely upon the defense of alibi. Since defendant-appellant Floid Townsend did not rely on an alibi defense, HRPP Rule 12.1 is not pertinent in this case.

and 16(c).[3] The case file does not indicate whether the State and Defendant responded to each other's written requests.

The trial commenced and was completed on May 25, 1989. Jeronimo testified that, on the day in question, Defendant asked to use her credit card. Her refusal precipitated an argument. Defendant grabbed a bag that was wrapped around Jeronimo's arm and then shoved and slammed her against the wall. The physical altercation resulted in injuries to Jeronimo.

On cross-examination, Jeronimo testified that Defendant also struck her with his fist during the altercation. Defense counsel then asked Jeronimo whether she had a conversation with a Bill Christian (Christian), after Defendant had been charged with the offense, in which she told Christian that Defendant had never struck her. Jeronimo answered "no."

During the presentation of his case, Defendant sought to call Christian as a "rebuttal" witness to testify about Jeronimo's prior inconsistent statement. The State objected on the ground that Defendant had not disclosed Christian's name and address as requested in its January 23, 1989 written request. The family court sustained the State's objection and precluded Christian from testifying in the case.

---

[3] HRPP Rule 16(c) provides in pertinent part as follows:

(c) Disclosure by the Defendant.

\* \* \*

(2) *Disclosure of Materials and Information.* Upon written request of the prosecutor, the defendant shall disclose to him the following material and information within the defendant's possession or control:

(i) [t]he names and last known addresses of persons whom the defendant intends to call as witnesses, in the presentation of the evidence in chief, together with the relevant written or recorded statements, provided that discovery of alibi witnesses is governed by Rule 12.1, and provided further that statements recorded by the defendant's counsel shall not be subject to disclosure;

(ii) any reports or statements of experts, including results of physical or mental examinations and of scientific tests, experiments or comparisons, which the defendant intends to introduce as evidence at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony;

(iii) any books, papers, documents, photographs, or tangible objects which the defendant intends to introduce as evidence at the trial.

At the conclusion of the trial, the court adjudged Defendant guilty, stating that it found "that Mr. Townsend's testimony is not credible. The testimony of Ms. Jeronimo is credible." Transcript at 40.

## II.

The provisions of HRPP Rule 16, which are pertinent in this case, are subsections (a), (d), and (e)(8)(i) which provide as follows:

(a) Applicability. Subject to subsection (d) of this rule, discovery under this rule may be obtained in and is limited to cases in which the defendant is charged with a felony, and may commence upon the filing in circuit court of an indictment or a complaint.

\* \* \*

(d) Discretionary Disclosure. Upon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony, but not in cases involving violations.

(e) Regulation of Discovery.

\* \* \*

(8) *Sanctions.*

(i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or an order issued pursuant thereto, the court may order such party to permit the discovery, grant a continuance, or it may enter such other order as it deems just under the circumstances.

Based on the foregoing provisions, in a case involving a felony, Rule 16 discovery is automatically available to the parties as a matter of right. However, the parties in a misdemeanor case may resort to discovery only by grace of the court's discretion, upon a showing of materiality and reasonableness.

The offense of abuse of a household member is a misdemeanor. HRS § 709-906(5) (1985). Consequently, if the State desired the disclosure of the names and addresses of the persons Defendant

intended to call as witnesses, the State had to serve and file a motion for an order requiring such disclosure under HRPP Rule 16(d). Absent such an order, the family court had no basis for the preclusion of Christian as a witness in the case, since the court may impose sanctions under HRPP Rule 16(e)(8) only for non-compliance with provisions of Rule 16 or an order issued thereunder. In this misdemeanor case, the State did not obtain an order from the family court requiring Defendant to disclose the information the State desired. Therefore, the record does not show that Defendant failed to comply with HRPP Rule 16 or any order issued pursuant thereto. Under such circumstances, the family court reversibly erred in imposing the sanction of precluding Christian from testifying on Defendant's behalf.

The State, however, argues that the family court's error was harmless beyond a reasonable doubt. We disagree. Here, the guilt or innocence of Defendant hinged on whether the family court believed Jeronimo or Defendant. In our view, precluding Christian's testimony which sought to impeach Jeronimo's credibility was not harmless beyond a reasonable doubt.

Judgment of conviction vacated and case remanded for a new trial.

*Bruce N. Metz* on the brief for defendant-appellant.

*James B. Takayesu,* deputy prosecuting attorney, on the brief for plaintiff-appellee.